**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| S.O.T.A.T., INC., ALAN GRANT BODE, | § | |
| and MARY LYNN BODE, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:06 CV 523 |
| | § | |
| v. | § | |
| | § | |
| FRANK'S INTERNATIONAL, INC. and | § | |
| FRANK'S CASING CREW AND RENTAL | § | |
| TOOLS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The defendants' Combined Motion for Partial Summary Judgment and Brief (#25) (the "Motion") is before the court.[1]  For the following reasons, the court **GRANTS** the Motion. Accordingly, the court **DENIES as moot** the parties Joint Motion to Abate Markman Proceedings (#70), Plaintiffs' Motion for Partial Summary Judgment (#69), Plaintiffs' Motion for Partial Summary Judgment (#59), and Defendant's Motion for an Extension of Time (#72).

## I.    INTRODUCTION AND FACTS

In this patent case, Plaintiffs Alan Grant Bode as Executor of the Estate of Robert E. Bode, and S.O.T.A.T. Inc. assert that Defendants Frank's International, Inc. and Frank's Casing Crew ("Frank's") infringe U.S. Patent No. 5,295,536 ("the '536 patent").  The plaintiffs also assert theft of trade secrets and trademark infringement.

Robert Bode invented the apparatus in this case–the Mud Miser.  While the patent was

---

[1]The court recognizes that many issues before the court in this motion were relevant in the previously denied motion to dismiss. (Dkt #16)  The court now addresses the issues as they are relevant to summary judgment.

pending, Bode sought ways to market and distribute the product.  On April 14, 1993, Bode's company, Plug Monitor International, Inc. ("PMI") entered into a Joint Venture Agreement with Hot-Hed Mexico ("the Hot-Hed Agreement").  In the Hot-Hed Agreement, PMI agreed "to obtain ownership of the patent" from Bode when it issues, and to maintain the patent "within the joint venture and separated from Mr. Bode's estate heirs and successors."

On July 21, 1993, before the patent issued, PMI executed an assignment whereby he assigned "all rights titles, interests and privileges in and to The Mud Miser Joint Venture Agreement between Plug Monitor International Inc. And Hot-Hed Inc."  The assignment also transferred all "rights titles, interests and privileges . . . to patents pending."

After a dispute over performance issues under the agreement, Bode notified Hot-Hed that effective April 1, 1994, he was dissolving the Joint Venture Agreement.  Bode and Hot-Hed went their separate ways and had no further contact until 2001.  On August 5, 1994, Bode entered into a Joint Venture Agreement with Frank's ("the Frank's Agreement"), under which Bode assigned Frank's one-half of the intellectual property related to the Mud-Miser products.  In exchange, Frank's assigned Bode a royalty interest of twenty-five percent of the gross rental and sales revenues.

Frank's stopped paying royalties to Bode after learning of the original Hot-Hed Agreement. In January 2002, the plaintiffs sued Frank's in State Court for breach of the Frank's Agreement. After a bench trial, the State Court found that the Frank's Agreement was not enforceable because the "intellectual property and other rights purported to be sold, transferred or assigned to Frank's International, Inc., in the . . . Agreement had previously been sold, transferred or assigned to other entities."  *Bode v. Frank's International, Inc.*, No. 2002-02215 (165th Dist. Ct. Harris County, Tex. June 7, 2004).  The District Court's findings were affirmed on appeal,  and the Texas Supreme Court

2

denied writ. *Bode v. Frank's International, Inc.*, 2006 WL 727811 (Tex.App.-Hous. 1 Dist.) (March 23, 2006), writ denied.

After the State Court litigation, the plaintiffs sued Hot-Hed seeking a declaratory judgment that Hot-Hed had no interest in the patent.  That litigation resulted in a settlement agreement in 2006 wherein Hot-Hed assigned all their rights, to the extent any existed, to the plaintiffs.  That settlement did not explicitly include a right to sue for past damages.  The plaintiffs then brought this suit in light of the State Court's finding that the Frank's agreement was unenforceable.  They argue that because Frank's did not own any rights in the intellectual property, Frank's was infringing the '536 patent. The plaintiffs also claim theft of trade secrets and trademark infringement.


## II.    APPLICABLE LAW

### A.  Summary Judgment

Summary judgment should be rendered "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The evidence and pleadings must be viewed in the light most favorable to the party opposing summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Summary judgment is proper in a case where there is no genuine issue of material fact.  *Celotex v. Catrett,* 477 U.S. 317, 322 (1986).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-248 (1986)(emphasis in original).

3

The substantive law identifies material facts; disputes over facts that are irrelevant or unnecessary will not be defeat a motion for summary judgment. *Id.* at 248. A "genuine" dispute about a material fact means that the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. ANALYSIS

When a state court adjudicates and makes findings regarding patent ownership, those findings are given preclusive effect in subsequent litigation in federal court. *See Syntex Ophthalmics, Inc. V. Novicky*, 767 F.2d 901 (Fed. Cir. 1985). The defendants argue that pursuant to the State Court's findings, Bode did not own any rights in the patent before 2006, therefore the plaintiffs cannot sue for infringement before that time. Additionally, the defendants argue that the plaintiffs have failed to provide any evidence of infringement after the 2006 transfer from Hot-Hed.

The State Court specifically found that Bode had "sold, transferred or assigned [the rights] to other entities" prior to the Frank's Agreement. *Bode v. Frank's International, Inc.*, No. 2002-02215 (165th Dist. Ct. Harris County, Tex. June 7, 2004). This court is precluded from finding otherwise. *See Syntex*, 767 F.2d at 901.

The plaintiffs find themselves in a precarious position. On one hand the plaintiffs argue that the State Court's finding that Frank's never acquired any rights in the patent opened the door for them to sue Frank's for patent infringement. The plaintiffs, however, attempt to argue around the clear language of the State Court's ruling to assert they retained rights in the patent at all relevant times. They cannot have it both ways. The State Court specifically found that Bode did not have rights in the patent at the time he purported to transfer the patents to Frank's.

The plaintiffs' 2006 settlement agreement with Hot-Hed wherein Hot-Hed transferred any

4

rights "to the extent they had any" did not transfer rights to sue for past damages.  It is settled law that a transfer of a right of action for past infringement "must be express, and cannot be inferred from an assignment of the patent itself." *Arachnid, Inc. v. Merit Indus. Inc.*, 939 F.2d 1574, 1579 n. 7 (Fed. Cir. 1991).  Therefore, the only damages the plaintiffs can sue for are those damages suffered after the Hot-Hed assignment to them.

It is also undisputed that Frank's has not manufactured, used, sold, or offered for sale within the United States any of the accused products since the plaintiffs acquired rights in the patent in 2006.  In their final brief to the court on this motion, the plaintiffs assert that much of Frank's revenue comes from leasing equipment, and they are unsure if Frank's leased any of the Mud-Miser products after 2006.  This is insufficient to survive summary judgment.  The plaintiffs did not raise present any evidence that would support that Frank's leased the accused products after 2006.  The plaintiffs have failed to raise any issue that the defendants infringed the patents after the plaintiffs acquired ownership in 2006.

## IV   CONCLUSION

The court, therefore, **GRANTS** the defendants' motion for partial summary judgement.  The defendants' claim for patent infringement is **DISMISSED** with prejudice and the other claims will proceed.  The parties Claim Construction Hearing set for September 18, 2008 is cancelled.

SIGNED this 28th day of August, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE