UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| S.O.T.A.T., INC., ALAN GRANT BODE, | § | |
| and MARY LYNN BODE | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:06-cv-523 |
| | § | |
| FRANK'S INTERNATIONAL, INC. | § | |
| and FRANK'S CASING CREW AND | § | |
| RENTAL TOOLS, INC. | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.      INTRODUCTION AND STATEMENT OF FACTS**

1.      In this lawsuit, Bode originally asserted claims against Frank's for infringement of the '536 Patent, trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition. (*See* Plaintiffs' Original Complaint, Dkt. No. 1.).   This Court granted Frank's motion for partial summary judgment and dismissed Bode's patent infringement claims with prejudice on August 28, 2008. (*See* Memorandum Opinion and Order, Dkt. No. 74.).   The remaining claims for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition were voluntarily dismissed by Bode on October 30, 2008, after receiving Frank's proposed Rule 11 motion for sanctions.

2.      Frank's relationship with Bode began on August 5, 1994, when Frank's entered into a joint venture agreement with Bode to make, use and sell "Mud Miser" products. (*See* Exhibit A, 1994 Bode and Frank's Joint Venture Agreement, (hereinafter "Joint Venture Agreement").

This "Joint Venture Agreement" provided that the Intellectual Property "is inclusive of all trade secrets, patents, patent applications, inventions, industrial models, molds, processes, designs, drawings, formulae, and software relating to the Products owned and/or held by Bode as of the Effective Date of this Agreement." (*See* Exhibit A, Section 7.01, ¶c.).  Pursuant to this "Joint Venture Agreement," Bode was to forgo all rights to license or sublicense any and all patents or trademarks included in the intellectual property without the express written consent of Frank's. *Id.* at Section 6.01. Furthermore, this "Joint Venture Agreement" granted Frank's the "Exclusive Marketing Rights" for the "Mud Miser Products."  *Id.* at Section 3.01.

3.      Frank's performed under this agreement until December 2000, when it discovered that Bode had previously assigned all rights, title and interest in the asserted intellectual property to Hot-Hed de Mexico S.A. de C.V. (hereinafter "Hot-Hed") one year before the 1994 Joint Venture Agreement.  Specifically, on July 21, 1993, Bode assigned all rights, title, and interest in and to the '536 Patent, including full marketing rights and privileges for the related "Mud Miser" device(s) to Hot-Hed. (*See* Exhibit B, hereinafter the "Hot-Hed Assignment").

4.      In January 2002, Bode brought suit against Frank's under the "Joint Venture Agreement."  Following a bench trial, and contrary to Bode's assertions of ownership of the intellectual property rights, the District Court of Harris County, Texas, Cause No. 2002-02215 (hereinafter, "State Lawsuit") held that Bode could not enforce the 1994 "Joint Venture Agreement" with Frank's based upon the following Findings of Fact: "The intellectual property and other rights purported to be sold, transferred or assigned to Frank's International, Inc., in the August 5, 1994 Joint Venture Agreement had previously

been sold, transferred or assigned to other entities." (*See* Findings of Fact and Judgment as Exhibit C).

5.      On March 23, 2006, the Court of Appeals, First District of Texas, affirmed the District Court Judgment, holding: "[t]he trial court's finding of fact expressly found that Bode did not have the rights to the property" and "[t]he record supports the trial court's finding that Bode had no rights to the Mud Miser to convey to Frank's." (*See* Exhibit D, Pages 8 and 11, respectively).  On October 27, 2006, The Supreme Court of Texas denied Bode's petition for review. (*See* Exhibit E).

6.      On May 26th, 2006, in settlement of another lawsuit brought by Bode, Hot-Hed agreed to "release any and all claims and/or interest in and to any Mud Miser intellectual property," and to "assign, transfer and convey to S.O.T.A.T., Inc. all rights, title, and interest in and to U.S. Patent No. 5,295,536." (*See* Exhibit F, Bode and Hot-Hed Settlement, hereinafter referred to as the "Hot-Hed Settlement", at Paragraph 4).  This "Hot-Hed Settlement" agreement did not expressly provide a transfer or assignment of rights to sue for past damages, including past infringement.

7.      The following timeline summarizes the above-described events:

a) November 23, 1992:      Bode filed a patent application which later issued as the '536 Patent;

b) July 21, 1993:      Bode executed an assignment of all intellectual property rights to Hot-Hed, *See* Exhibit B;

c) March 22, 1994:      Bode's patent application issued as U.S. Patent No. 5,295,536;

d) August 5, 1994:      Bode executed assignment of undivided interest in all intellectual property rights to Frank's International, Inc. *See* Exhibit G;

e) January, 2002     Bode sued Frank's under the 1994 "Joint Venture Agreement" *See* Exhibit A;

f) June 7, 2005:     State District Court held the Aug. 5, 1994 Joint Venture Agreement "not enforceable" because "[t]he intellectual property and other rights purported to be sold, transferred or assigned to Frank's International, Inc., in the Joint Venture Agreement had previously been sold, transferred or assigned to other entities." *See* Exhibit C;

g) March 23, 2006:    Texas Court of Appeals affirmed the State District Court's Judgment: "[t]he trial court's finding of fact expressly found that Bode did not have the rights to the property" and "[t]he record supports the trial court's finding that Bode had no rights to the Mud Miser to convey to Frank's." *See* Exhibit D, Pages 8 and 11, respectively;

h) May 26, 2006:    In the "Hot Hed Settlement" agreement, Hot-Hed assigned the intellectual property back to Bode without the right to sue for past infringement. *See* Exhibit F;

i) October 27, 2006:   The Texas Supreme Court denied Bode's petition for review *See* Exhibit E;

j) December 12, 2006:  Bode filed this frivolous lawsuit.  *See* Docket Entry No. 1.

k) August 28, 2008:   This Court granted summary judgment on Bode's claims for patent infringement, holding that Bode lacked ownership of the patent and intellectual property, and that Bode provided no evidence of sales by Frank's after acquiring ownership.

l) October 30, 2008:   Bode voluntarily dismissed its remaining claims for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition rather than risk sanctions under Rule 11.

8.  In the face of the Texas District Court, Appellate Court, and Supreme Court's denial of ownership of the asserted intellectual property, Bode brought this action, and in spite of this Court's agreement with the Texas courts and granting of Frank's partial summary judgment for non-infringement of the '536 Patent, Bode

refused to dismiss its claims for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition until October 30, 2008. This voluntary dismissal was done because Bode feared sanctions under Rule 11. For these reasons, Frank's moves the Court to determine that this case is exceptional and to award Frank's its reasonable attorneys' fees, costs, expenses, and sanctions pursuant to 35 U.S.C § 285, 28 U.S.C § 1927, and the Court's inherent powers to award sanctions.

9.      Because of the decision by the Texas District Court, Appellate Court, and Supreme Court regarding Bode's lack of ownership of the '536 Patent and because Bode presented no evidence of manufacture or sales by Frank's after May 26, 2006, when Bode obtained ownership of the '536 Patent from Hot-Hed, this case is clearly an example of an exceptional circumstance where Bode has repeatedly brought groundless and frivolous claims, and then actually voluntarily dismissed them with prejudice, to cause significant costs to Frank's and this Court. (*See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *See United States v. Estate of Rogers,* 2003 WL 21212749, *5 (E.D.Tenn.2003)). Because Frank's has incurred significant and unnecessary fees and costs in defending this case, Frank's moves this Court to determine that this case is exceptional and award Frank's its reasonable attorneys' fees, costs, expenses, and sanctions pursuant to 35 U.S.C § 285, 28 U.S.C § 1927, and the Court's inherent powers.

10.     In addition, Bode misrepresented to this Court that Frank's did not oppose Bode's motion to voluntarily dismiss its remaining claims without prejudice, and that it

was an "agreed" motion.  This was not true.  Frank's would not have opposed a motion by Bode to dismiss with prejudice.   However, because of Bode's misrepresentation to this Court, Frank's prepared and filed an opposition to the motion, as Bode's request for the voluntary dismissal was without prejudice and subjected Frank's to the possibility of additional frivolous litigation by Bode in the future.   Therefore, Frank's moves this Court to determine that this case is exceptional and award Frank's its reasonable attorneys' fees, costs, expenses, and sanctions pursuant to 35 U.S.C § 285, 28 U.S.C § 1927, and the Court's inherent powers.

11.     Frank's is the prevailing party on all issues in this case because this Court granted Frank's motion for partial summary judgment dismissing Bode's claims for patent infringement with prejudice on August 28, 2008, and Bode voluntarily dismissed its remaining claims with prejudice on October 30, 2008. (*See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *See United States v. Estate of Rogers*, 2003 WL 21212749, *5 (E.D.Tenn.2003)).

12.     As the prevailing party, Frank's submits to this Court Frank's monthly billing statements in detail, and the national AIPLA survey provided by Frank's, for this Court's review and, based upon this information, and the lodestar analysis as well as the applicable rules that pertain to sanctions, this Court should determine that a reasonable hourly rate for the defense in this lawsuit was charged, and further, Frank's attorneys' total fees for the defense of this case were reasonable.  The record evidence shows that Frank's attorneys charged less than the national average for a case of this sort, as set forth below.  Accordingly, Frank's requests

the Court to conclude that Frank's is entitled to a 10% upward adjustment to the lodestar amount, based upon the *Johnson* factors and the rules pertaining to sanctions.

13.    As a result of Frank's having to defend a groundless, frivolous and vexatious lawsuit that never should have been brought, Frank's has unnecessarily incurred fees in the amount of $821,725.50 and $43,689.17 in expenses and costs.

14.    Applying the 10% upward adjustment to the lodestar amount, Frank's is entitled to a total award of $947,588, including attorneys' fees. Paralegal fees, and expenses.  These sums are based upon an analysis of each of the lodestar factors and the *Johnson* factors, as set forth below.  In particular, Frank's shows the Court the following:

(a)     The hourly rate charged by Frank's attorneys was less than the national average as provided in the AIPLA survey,

(b)     The amount of time billed by Frank's attorneys was less than the national average for similar types of cases,

(c)     The results obtained were that Frank's was the prevailing party on all issues, as previously set forth, because this Court, in agreement with the State Lawsuit decision by the Texas District Court, Appellate Court, and Texas Supreme Court, granted Frank's motion for partial summary judgment dismissing Bode's claims for patent infringement with prejudice on August 28, 2008, and Bode voluntarily dismissed its remaining claims with prejudice on October 30, 2008.

(d)     During the State Lawsuit, Frank's expended approximately $200,000

7

in fees and expenses to receive a final judgment by the Texas courts, finding that Bode lacked ownership of the '536 Patent and related intellectual property.  Because Bode's federal lawsuit was brought for an improper purpose, in an attempt to get this Court to overturn the State Lawsuit decision  regarding Bode's lack of ownership of the intellectual property, Frank's has incurred litigation fees, expenses, and costs that never should have been incurred, for a second time, by Frank's.

## II.    ARGUMENT

## SUMMARY

15.    This motion presents two straight forward questions:  when plaintiffs file an action asserting a patent that the plaintiffs did not own for the majority of the time of the asserted infringement, did not obtain the right to sue for past infringement when later acquiring title to the patent, and never produced any evidence of manufacture, use, or sales by defendants after acquiring the patent:  (1) is the case exceptional and (2) should the Plaintiffs bear responsibility for the legal fees and costs necessary to dispose of the lawsuit?  The answer to both questions must be yes.

16.    This long saga began in 1993 when Bode assigned all rights to its intellectual property to Hot-Hed.  However, Bode chose to ignore this assignment, and to assign the same intellectual property to Frank's in 1994.  When the earlier assignment was brought to Bode's attention in 2000, Bode sued Frank's for breach of the invalid agreement, rather than taking the proper legal action to acquire title to the property from Hot-Hed.  Bode litigated this issue from January, 2002 to October, 2006 in the state courts all the way to the Texas Supreme Court.  Having lost on the issue of ownership, at every level of the

state court system, did not deter Bode from immediately bringing this action in federal court and demanding damages back to 2000.  Further, losing on the issue of ownership at every level of the state court system did not deter Bode from alleging it had always owned the '536 Patent and related intellectual property.  Of course, Bode did not own the '536 Patent until May 26, 2006, when ownership was obtained from Hot-Hed.  However, in obtaining ownership, Bode made a fatal error.  Bode failed to obtain any rights to sue anyone for past infringement from Hot-Hed.  Frank's filed motions early in the litigation putting Bode on notice of this fact, but Bode continued the litigation.  To compound its culpability for a bad faith, baseless lawsuit, Bode never provided any evidence of sales by Frank's after Bode obtained title to the '536 Patent in May, 2006.  It is obvious that even if the most rudimentary pre-filing inquiry had been done by Bode and its attorneys, this lawsuit would not have been filed, and Frank's would not have incurred these legal fees and costs.

17.    Prior to filing this federal lawsuit, Bode and its attorneys should have considered the issues of lack of ownership, statute of limitations, res judicata, and Rooker-Feldman Doctrine.  Further, after filing, Bode never provided any evidence of manufacture or sales by Frank's.  These inactions and omissions by Bode and its attorneys caused Frank's to incur needless attorneys' fees and expenses.

## LEGAL STANDARD FOR AN AWARD OF ATTORNEY FEES

18.    35 U.S.C § 285 and 28 U.S.C § 1927 empower the Court to sanction a party and its attorneys, and likewise, the Court has inherent powers to award sanctions.

    a)    In this case, Frank's prevailed on its motion for partial summary judgment

for non-infringement of the '536 Patent, and Frank's is entitled to its attorneys' fees and costs for defending against Plaintiffs' infringement claim in this exceptional case. *See* 35 U.S.C. § 285. "The Court, in exceptional cases, may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Section 285 requires a two-step analysis. First, the party seeking attorney fees must show that the case is exceptional by clear and convincing evidence. *See Eltech Sys. Corp. v. PPG Indus., Inc.,* 903 F.2d 805, 810-11 (Fed. Cir. 1990); *Interspiro v. Figgie Int'l*, 18 F.3d 927, 933 (Fed. Cir. 1994). Then, the district court must exercise its discretion in deciding whether an award of attorney fees is warranted. *Modine Mfg. Co. v. Allen Group, Inc.,* 917 F.2d 538, 542 (Fed. Cir. 1990) *cert. denied* 500 U.S. 918 (1991) (The "trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser."). Accordingly, the Federal Circuit has held that to award attorneys' fees under 35 U.S.C. § 285 (1) the case must be exceptional; (2) the district court must, in the exercise of its discretion, determine that an award of all or a part of a party's attorneys' fees is justified; (3) the fees awarded must be reasonable; and (4) the fees may be awarded only to the prevailing party. *See Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1480 (Fed. Cir. 1999).

b)      Bode voluntarily dismissed its remaining claims of trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition against Frank's on October 30, 2008, and the

Court ordered the dismissal on November 3, 2008. Accordingly, Frank's is the prevailing party in an exceptional case where Bode has repeatedly brought groundless and frivolous claims against Frank's, and then actually voluntarily dismissed the claims with prejudice only after causing significant litigation costs to Frank's and this judicial system. (*See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *See United States v. Estate of Rogers,* 2003 WL 21212749, *5 (E.D.Tenn.2003)); *See Cantrell v. International Brotherhood of Electrical Workers*, 69 F.3d 456, 456-58 (10th Cir. 1995) overruling *Mobile Power Enters., Inc. v. Power Vac., Inc.,* 496 F.2d 1311, 1312 (10th Cir. 1974) to the extent that it distinguishes between voluntary dismissals with and without prejudice and holding that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against defendant, whether the dismissal is with or without prejudice."

c)  Bode brought and maintained a groundless, frivolous, and vexatious lawsuit in an effort to overturn the decision in State Lawsuit and to cause significant costs to Frank's and this Court. 28 U.S.C. § 1927 provides as follows:

> "Any attorney ….who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

### FRANK'S IS THE PREVAILING PARTY

19.  The Court granted Frank's motion for partial summary judgment on Bode's patent infringement claim and dismissed the infringement claim with prejudice. Therefore,

Frank's is clearly the prevailing party as to this claim.

Bode voluntarily dismissed its remaining claims of trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition, by motion and court order, with prejudice.  Plaintiff's voluntary dismissal of these claims makes the Defendants a prevailing party, as previously set forth, entitled to costs and attorney fees.  *See Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997); *See United States v. Estate of Rogers,* 2003 WL 21212749, *5 (E.D.Tenn.2003)); *See Cantrell v. International Brotherhood of Electrical Workers*, 69 F.3d 456, 456-58 (10th Cir. 1995).  Accordingly, Frank's is clearly the prevailing party as to these claims. The other Federal Circuit requirements are addressed in turn below in paragraphs 14 through 18.

## THIS CASE IS EXCEPTIONAL

20.    Where the accused infringer is the prevailing party, exceptional case status is normally found based upon litigation misconduct; bad faith litigation, including vexatious, unjustified or frivolous filing or maintenance of litigation; or misconduct by the patentee in procuring the patent. *See Hoffmann-La Roche, Inc. v. Invamed Inc.,* 213 F.3d 1359, 1365 (Fed. Cir. 2000); *Cambridge Prods. Ltd v. Penn Nutrients,* 962 F.2d 1048, 1050-51 (Fed. Cir. 1992).  A case may thus be found exceptional when a patentee acts intentionally, recklessly, unreasonably or with gross negligence in filing or continuing to prosecute a baseless infringement action. *See Eltech Sys.,* 903 F.2d at 810-11 ("[W]here as here, the patentee is manifestly unreasonable in its pre-filing inquiry as to its ownership of the patent and any manufacture and/or sales by defendants, ignores, or is unaware of basic principles of law relating to liability of defendants, and simply forges

ahead to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated by wrongful intent, recklessness, or gross negligence."); *accord Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 473 (Fed. Cir. 1985).*

**a)   Bode was unreasonable in filing this action in view of the lack of pre-filing inquiry.** Bode and its attorneys certainly did not conduct any meaningful pre-filing inquiry in determining to bring and maintain this lawsuit.  It was obvious to Bode and its attorneys that they had lost on the issue of ownership of the '536 patent and intellectual property regarding the related technology in the district court, appellate court, and the Supreme Court of Texas.  Even when regaining ownership on May 26, 2006, Bode neglected to obtain the right to sue for past patent infringement.  It is basic patent law that the right to sue for past infringement must be stated in an assignment of rights or ownership of a patent. *See Herman v. Detroit Shipbuilding Co.*, 205 F. 423, 424 (D.C. Mich. 1924).  An owner of a patent at the time of infringement is the only person entitled to recover any damages and profits arising from such infringement.  *See* 35 U.S.C. § 281, 284.  All of these facts are obvious and should have been considered by Bode and its attorneys prior to filing this lawsuit.  The central purpose of Rule 11 is to deter baseless filings in a U.S. district court.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)(upholding a finding that Rule 11 sanctions should be imposed for a lack of reasonable pre-filing inquiry). Bode and his counsel had a clear obligation to diligently investigate the claims, before filing suit, to ascertain their soundness, given the extraordinary cost required to defend against intellectual property claims. *See, e.g., Antonious v. Spalding & Evenflo*

*Companies, Inc.,* 275 F.3d 1066, 1072-74 (Fed. Cir. 2002); *Judin v. U.S.,* 110 F.

3d 780, 784 (Fed. Cir. 1997).  In *View Eng'g,* 208 F.3d 981, the Court noted:

"A suit is frivolous where the patentee knew, or should have
known by reasonable investigation, that the suit was groundless."

The voluntary dismissal of Plaintiffs' claims by Bode and its attorneys simply

confirmed that the lawsuit was baseless from the beginning.  Therefore, attorneys'

fees, expenses, and costs should be awarded to Frank's, pursuant to each statute,

including 35 U.S.C § 285, and 28 U.S.C § 1927, and Court Rule or legal authority

on which the award is premised.

**b)      Bode was unreasonable in filing and continuing to pursue the action**

**in view of its lack of ownership of the '536 Patent and lack of evidence of any**

**manufacture or sales by Frank's.**  Attorneys' fees and costs should be awarded

to Frank's, pursuant to 35 U.S.C § 285 and 28 U.S.C § 1927, because of Bode's

lack of ownership of the '536 Patent and other related intellectual property and no

evidence of manufacture, use, or sales by Frank's.  The patent infringement claims

were the core claims.  This Court determined that Bode lacked ownership of the

intellectual property until May 26, 2006 and dismissed the patent infringement

claims with prejudice. (*See* Memorandum Opinion and Order, Dkt. No. 74, Page

5).  Unfortunately Bode, in order to retaliate for, and to continue to try to

circumvent, the adverse final judgment in the state court action, persisted in

maintaining the claims for trademark violations/false representation, conversion

of trade secrets and other intellectual property, and unfair competition, until the

Court's Order granting the dismissal of these claims on November 3, 2008.  Bode

only voluntarily dismissed these remaining claims after receiving Frank's Rule 11

motion for sanctions.  Bode's lack of title to the '536 Patent and other intellectual property until the May 26, 2006 settlement and assignment, as determined by this Court, is fatal to any cause of action for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition. Since Bode did not own the property, he could suffer no damages prior to this date.  In addition, there could be no causes of action for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition after May 26, 2006, because this Court determined that Bode did not present any evidence of manufacture or sales by Frank's after this date. (*See* Memorandum Opinion and Order, Dkt. No. 74, Page 5).  The lack of title to the intellectual property is fatal to all of Bode's causes of action until May 26, 2006, because Bode could incur no damages until that date.  In addition, Bode knew of no manufacture or sales by Frank's at the time of filing of the complaint, and had no evidence of manufacture or sales at the time of the Bode depositions, as of May 16, 2008. (*See* Exhibit H, Alan Grant Bode Deposition, Page 67 line 15 through Page 68 line 25; Mary Lynn Bode Deposition, Page 10 line 16 through Page 12 line 7).  Neither Plaintiff, answering individually or on behalf of S.O.T.A.T., could provide any evidence of manufacture or sales of the intellectual property by Frank's after May 26, 2006.  The burden was on Bode to present evidence and to establish all of the elements of these claims, because Defendants are not required to submit evidence to negate the existence of an essential element of the Plaintiffs' claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553 (1986).  With no evidence of manufacture or sales by Frank's

after May 26, 2006, all of Bode's claims failed because Bode could not establish any evidence for one or more of the essential elements of each of these claims. Based on this, Bode should have known that its claims should not have been brought and were subject to summary judgment.

**c)      Bode was unreasonable in filing this action in view of the statute of limitations.**  Attorneys' fees and sanctions should be awarded to Frank's pursuant to 35 U.S.C § 285, and 28 U.S.C § 1927 because of the applicable statute of limitations for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition.

i)      Bode was barred from bringing claims for trademark violations/false representation because the Texas state-law regarding the statutory time period for claiming trademark violations, such as infringement, was exceeded prior to such filing.  Because Bode's alleged claims for trademark violations are most analogous to claims for conversion of intellectual property, the two-year statute of limitations should be applied. *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.,* 53 S.W.3d 799, 812 (Tex. App.–Austin, 2001); TEX. CIV. PRAC. & REM. CODE  § 16.003.  Further, Texas district courts have held that the discovery rule does not apply to trademark infringement as Texas courts have refused to apply the discovery rule in cases where the Texas Legislature has specifically defined the date or event that triggers accrual. *See Derrick Manufacturing Corp. v. Southwestern Wire Cloth, Inc.,* 934 F.Supp.796, 806-07 (S.D.Tex. 1996).  This claim was beyond the

two-year statutory period when the lawsuit was filed.  Bode's attorneys should have known this.

ii)      The statue of limitations for misappropriation of a trade secret is three (3) years. *See Uniform Trade Secrets Act* § 6 (1985).  The discovery rule exception, which is expressly incorporated in the Texas three-year statute of limitations, defers accrual of a cause of action until the plaintiff knew, or exercising reasonable diligence, should have known of the facts giving rise to a cause of action. TEX. CIV. PRAC. & REM. CODE § 16.010(b) (1997); *Seatrax, Inc. v. Sinbeck Intern., Inc.,* 200 F.3d 358, 364 (5th Cir. 2000).

In 2000, when Frank's ceased paying royalties with regard to the intellectual property relating to the Mud Miser products, Bode knew, or should have known, about any invasion of its rights pertaining to its trade secrets for the Mud Miser products.  Accordingly, Bode would have to have filed his claim for misappropriation of trade secrets in 2003, to comply with the limitations.  Therefore, Bode was barred from bringing and maintaining the claim on trade secrets by the statute of limitations. Bode's attorneys should have known this.

iii)     "The Texas state-law limitations period for causes of action pertaining to misappropriation, unfair competition, and conversion is two years." Tex. Civ. Prac. & Rem Code § 16.003.  The law is clear that the discovery rule is not applicable to claims of conversion, misappropriation, or unfair competition. *Daboub v. Gibbons*, 42 F.3d 285, 291 n.10 (5th Cir.

1995).  In 2000, when Frank's ceased all royalty payments to Bode, the two-year statutory period for limitations regarding conversion of intellectual property commenced.  Bode knew in 2000, or with reasonable diligence should have known, of any and all claims that could have been brought for conversion of the Mud Miser intellectual property.  Accordingly, Bode's claim for conversion of intellectual property, brought in December, 2006 was barred by the two-year Texas statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *See Derrick Manufacturing Corp. v. Southwestern Wire Cloth, Inc.*, 934 F.Supp.796, 806 (S.D.Tex. 1996).  Bode's attorneys should have known this.

iv)       Claims of unfair competition, through misappropriation of trade secrets and other unfair competition claims, are subject to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003. Accordingly, Plaintiffs' claim of unfair competition was governed by the Texas two-year statute of limitations. In 2000, when Frank's ceased all royalty payments to Bode, the statutory period for limitations regarding unfair competition commenced.  Bode knew, or with reasonable diligence should have known, of any and all claims that could have been brought for unfair competition at that time, or certainly at the time of filing of the State Lawsuit in January, 2002.  Accordingly, Bode's unfair competition claim, brought in December, 2006 was barred by the two-year Texas statute of limitations. Bode's attorneys should have known this.

**d)       Bode was unreasonable in filing this action in view of res judicata.**

Attorneys' fees and sanctions should be awarded to Frank's pursuant to 35 U.S.C § 285, and 28 U.S.C § 1927 because of Res Judicata.  Res Judicata in the form of "claim preclusion, precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter or same set of transactional facts and that could have been litigated in the prior action." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992); *In Jet, Inc.  v.  Sewage Aeration Systems*, 223 F.3d 1360, 1362 (Fed.Cir.2000). The required  elements are: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them; and (3) a second action based on the same the same set of transactional facts as the first, or the same claims that were raised or that could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644,652 (Tex.1996); *In Jet, Inc.  v.  Sewage Aeration Systems*, 223 F.3d 1360, 1362 (Fed.Cir.2000).  All of these elements are present.  Bode could have properly raised and litigated its remaining claims for trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition in the 2002 State Lawsuit.  Accordingly, Bode is barred by the doctrine of Res Judicata from bringing and maintaining these claims.  Bode's attorneys should have known this.

**e)      Bode was unreasonable in filing this action in view of Rooker-Feldman Doctrine.**  Attorneys' fees and sanctions should be awarded to Frank's pursuant to 35 U.S.C § 285, and 28 U.S.C § 1927 because of the Rooker-Feldman Doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court held that because lower federal courts lack jurisdiction to review state court

judgments and, therefore, must accord them full faith and credit, a lower federal court may not entertain an action that directly or in effect seeks to overturn a state court judgment. *See also Krasniqi v. Enoch*, No. 93-1847, 1994 WL 242796, at *1, (5th Cir. 1994) (unpublished opinion). Accordingly, Plaintiffs' allegations of owning the intellectual property rights prior to May 26, 2006, for supporting allegations of trademark violations/false representation, conversion of trade secrets and other intellectual property and unfair competition as maintained in this case, are barred under the *Rooker-Feldman doctrine*.  Further, the application of the *Rooker-Feldman* doctrine is broader than claim or issue preclusion as it does not depend on a final judgment on the merits nor require the same parties to the litigation. *See Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1. (8th Cir. 1995) (federal action is precluded if relief requested would effectively reverse the state court decision).  In accordance with this doctrine, this Court has stated that the "State Court specifically found that Bode had sold, transferred or assigned [the rights] to other entities prior to the Frank's Agreement" and that "this court is precluded from finding otherwise." (*See* Memorandum Opinion and order, Dkt. 74, Page 4).  Bode's attorneys should have known this.

**f)      Bode was unreasonable in filing this action in view of stare decisis.**

Attorneys' fees and sanctions should be awarded to Frank's pursuant to 35 U.S.C § 285, and 28 U.S.C § 1927 because of the doctrine of stare decisis.  When a court settles a question of law, the decision should remain the law unless the strongest reasons exist for changing it. *See Benavides v. Garcia,* 290 S.W. 739, 740-41 (Tex.Comm'n App.1927, holding approved). Stare decisis controls if it makes

sense or follows logical reasoning. *See Middleton v. State,* 476 S.W.2d 14, 16 (Tex. Crim. App. 1972).  The doctrine is a rule of precedent. The doctrine creates a strong presumption in favor of established law.  In the 2002 State Lawsuit, the Court of Appeals held:

> …The record also supports the trial court's finding that Bode's transfer of all interest in the Hot-Hed Agreement and the Hot-Hed International Agreement to Hot-Hed Mexico left Bode with nothing…." (*See* Exhibit D, Pages 11-12).

It was obvious that the federal court would give full faith and credit to the decision of the state court and not retry ownership of the intellectual property. Bode's attorneys should have known this.

**g)     Bode voluntarily dismissed his remaining claims with prejudice.**  Bode filed its motion to voluntarily dismiss its remaining claims of trademark violations/false representation, conversion of trade secrets and other intellectual property, and unfair competition, with prejudice, on October 30, 2008, and the Court ordered the dismissal on November 3, 2008.   Therefore, Frank's is the prevailing party.  *See United States v. Estate of Rogers,* 2003 WL 21212749, *5 (E.D.Tenn.2003)) finding that "a defendant, against whom a case was voluntarily dismissed with prejudice, was a prevailing party and was due attorneys' fees"; *See Cantrell v. International Brotherhood of Electrical Workers*, 69 F.3d 456, 456-58 (10th Cir. 1995) holding that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against defendant, whether the dismissal is with or without prejudice." Accordingly, Frank's is entitled to costs and attorney's fees for defending against

these claims in this case.

**h)      Bode's unreasonableness established by a) through g) immediately above.** These instances of unreasonableness in filing and pursuing this litigation demonstrate that Bode and its attorneys were manifestly unreasonable in their pre-filing inquiry as to Bode's ownership of the patent and any sales by defendants; ignored, or were unaware of basic principles of law relating to liability of defendants; and simply forged ahead to assert infringement in court; and therefore, an inference of bad faith is proper, whether grounded in or denominated by wrongful intent, recklessness, or gross negligence.  This unreasonableness and bad faith continued through the dismissal.  In October, 2008, Bode misrepresented to the Court that Frank's agreed with Bode's motion to dismiss its remaining claims without prejudice.  This caused unnecessary and needless expense and time by Frank's attorneys and this Court to correct Bode's misrepresentation.  Therefore, the filing, pursuing, and dismissing of this litigation brings Bode's actions squarely under the activity that was found to constitute exceptional circumstances for awarding fees and costs in *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) and such activity which was condemned in the *Eltech Systems and Machinery Corp*. cases. *See Eltech Sys. Corp. v. PPG Indus., Inc.,* 903 F.2d 805, 810-11 (Fed. Cir. 1990); *Machinery Corp. of Am. v. Gullfiber AB,* 774 F.2d 467, 473 (Fed. Cir. 1985).

## AN AWARD OF ATTORNEY FEES IS JUSTIFIED

20.      It is important to note that Bode is not an unsophisticated, first time, plaintiff that

could ever reasonably be confused or mistaken about needless pursuit of unwarranted litigation.  On the contrary, Bode has no economic activity, except the pursuit of meritless litigation.  This is not the sort of plaintiff for which a lawsuit is a distraction from its usual work.  On the contrary, suing for supposed misuse of its intellectual property related to the '536 Patent is the only mission of Bode.  Bode has no income except possible recovery from litigation.  Bode pursued Frank's from 2002 to 2006 in the state courts of Texas.  After losing at every level in the state courts, Bode immediately sought relief in the federal courts.  Of course, this was done with no meaningful pre-filing inquiry and no consideration of basic principles of law that would ordinarily cause counsel to advise the client not to file a lawsuit, given the facts in this case.  However, it is obvious that Bode's counsel was ignorant of, or ignored these basic principles of, law by not obtaining the right to sue for past infringement.  Bode's counsel compounded this ignorance, or ignoring of the law, by not providing any evidence of sales by Frank's, yet continuing to pursue this litigation, and causing Frank's to incur needless attorneys' fees and expenses.  It appears that Bode's counsel filed the present lawsuit recklessly, and without meaningful inquiry, or consideration of basic legal principles to avoid a malpractice claim.  There is no other satisfactory explanation.  That such a knowledgeable plaintiff and counsel would initiate litigation with neither an adequate pre-filing investigation nor a reasonable consideration of basic legal principles, and then maintain and pursue the litigation is strongly indicative of the kind of bad faith that 35 U.S.C. § 285 is intended to discourage.  *See Eltech,* 903 F.2d at 811 ("The alternative, abuse of the courts through manifestly unreasonable lawsuits based on uninvestigated allegations, would be a blot on the escutcheon of the law and a violation of Rule 11, Fed. R. Civ. P.").  Further, the

*Eltech* court held that the filing and maintaining of a patent infringement suit which the patentee knows, or on reasonable investigation should know, is baseless, constitutes grounds for declaring a case exceptional under <u>35 U.S.C. § 285, and awarding attorneys'</u> <u>fees, costs, and expenses to the accused infringer.</u>  <u>*See Id. Eltech* at 810.</u>

21.     The same acts that make Bode, and its counsel, liable for attorneys' fees and costs under 35 U.S.C § 285, make them liable under 28 U.S.C § 1927.  As stated above, 28 U.S.C § 1927 permits fees where, as here, an attorney "so multiplies the proceedings in any case unreasonably and vexatiously."   Putting Frank's through years of baseless litigation was unreasonable and vexatious.  Bode's attorneys knew, or should have known had they done a proper investigation, that this suit was meritless. Bode's attorneys should be liable jointly and severally with Bode for fees.   For the above reasons, Frank's respectfully submits that the Court should use its discretion to hold that Frank's is entitled to its reasonable fees and disbursements incurred in this action.  "In general, awards of costs and attorneys' fees-like other aspects of trial management-are entrusted to the sound discretion of the trial court." *Schwarz v. Folloder,* 767 F.2d 125, 127 (5th Cir. 1985).  In this case, there are ample grounds to award attorneys' fees and sanctions to Frank's, based upon the Court's judgment and guided by sound legal principles, including 35 U.S.C. §285 and 28 U.S.C. §1927.  *Id.*

22.     Likewise, the same acts that make Bode, and its counsel, liable for attorneys' fees and costs under 35 U.S.C § 285, make them liable under the Court's inherent powers. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 40 (1991); and *Amstead Inds., Inc. v. Buckeye Steel Castings Co.,* 23 F. 3d 374, 377-79 (1994).  Therefore, Bode's counsel should be liable jointly and severally with Bode for fees, costs, and expenses.

## THE REQUESTED FEES AND DISBURSEMENTS ARE REASONABLE

23.     Because this case should be determined by this Court to be exceptional, and therefore, Frank's is entitled to an award of attorney fees under 35 U.S.C § 285, 28 U.S.C § 1927, and the court's inherent powers.  Frank's submits an accounting of fees and disbursements, with supporting law and facts, so that the Court may determine whether the requested fees and expenses are reasonable.  Frank's believes that its fees and disbursements in this case have been reasonable, primarily because Frank's is a long-time client of the attorneys, the attorneys represented Frank's in the state litigation, and charged Frank's a below average rate for attorneys' fees in this case.

24.     The Fifth Circuit uses the lodestar method for calculating reasonable attorneys' fees.  *Commercial Law League of Am., Inc. v. George, Kennedy & Sullivan, LLC*, slip op. 2007 WL 2710479 at *4 (S.D. Tex. 2007).  The same factors apply to determining attorneys' fees under 28 U.S.C. §1927. *Day v. Amoco Chemicals Corp.,* 595 F.Supp. 1120, 1123-24 (S.D. Tex. 1984).

### a)      First Step of Lodestar Analysis – The Reasonable Hourly Rate

25.     The first step of the lodestar analysis is to determine the reasonabe hourly rate for the attorneys, paralegals, and non-legal personnel who worked on the case.  *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995).  The reasonable hourly rates are based on the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984).  The Court then determines the number of hours reasonably expended by the attorneys, s*ee Kellstrom*, 50 F.3d at 324, and then multiplies the hours reasonably expended by the reasonable hourly rate to determine the lodestar figure.

*Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 850 (5th Cir. 1998).   From December, 2006 until October, 2008, Frank's has incurred $803,879 in attorneys' fees and $17,846.25 in fees for paralegals and non-legal personnel.  A majority of this sum was incurred in defending against the patent infringement claim, brought by Bode, for which Frank's was awarded summary judgment.

26.     The table below itemizes the billing rates of Frank's attorneys in this lawsuit compared to the average national hourly rates in 2006 reported by the American Intellectual property Law Association (hereinafter the "AIPLA") Report of the Economic Survey for 2007.  (See Exhibit "H," attached hereto).

| Attorneys | Years of Experience | Actual Billing Rate/Hour | AIPLA Report Average/Hour | AIPLA Report Range/Hour |
|---|---|---|---|---|
| Al-Azem, Samer U. | 13.0 | $310.00 | $330.00 | $268 - $413 |
| Bemko, Taras P. | 6.0 | $200.00 | $300.00 | $240 - $355 |
| Bowick, Jr. Robert M. | 7.0 | $350.00 | $324.00 | $260 - $400 |
| Celaya, Jason E. | 1.0 | $150.00 | $219.00 | $180 - $260 |
| Christensen, Ryan S. | 3.0 | $175.00 | $219.00 | $180 - $260 |
| Coulombe, Bruce R. | 26.0 | $300.00 | $320.00 | $218 - $450 |
| Hillendahl, Brian L. | 7.0 | $175.00 | $324.00 | $260 - $400 |
| Johnson, Jr., William E. | 43.0 | $250.00 | $320.00 | $218 - $450 |
| Johnson, Timothy W. | 11.0 | $250.00 | $330.00 | $268 - $413 |
| Joseph, Lee. N. | 24.0 | $275.00 | $320.00 | $218 - $450 |
| Juren, Matthew | 1.0 | $175.00 | $219.00 | $180 - $260 |
| Lawson, Vernon C. | 22.0 | $350.00 | $404.00 | $313 - $495 |
| Lin, Frank Z. | 2.0 | $150.00 | $219.00 | $180 - $260 |
| Lynd, John W. | 9.0 | $325.00 | $324.00 | $260 - $400 |
| Matthews, Guy E. | 43.0 | $475.00 | $458.00 | $369 - $546 |
| McCully Michael D. | 11.0 | $300.00 | $330.00 | $268 - $413 |
| McCutcheon, Terry L. | 5.0 | $175.00 | $300.00 | $240 - $355 |
| Payne, Alton W. | 25.0 | $250.00 | $320.00 | $218 - $450 |
| Ring, Sarah J. (Miller) | 2.0 | $150.00 | $219.00 | $180 - $260 |
| Tindel, Andy W. | 26.00 | $250.00 | $320.00 | $218 - $450 |

The hourly rates charged by Frank's attorneys in this lawsuit were substantially below the national average for attorneys having equivalent experience.   Matthews, Lawson & Bowick, PLLC is a leading intellectual property firm, with approximately 11 of its 19 attorneys specializing in patent law, and several of its patent attorneys having twenty years of experience or more in patent prosecution and litigation.   Curricula vitae for each of Frank's attorneys are attached.  (See Exhibit "I," attached hereto).

### b)      Second Step of Lodestar Analysis – Hours Reasonably Expended

27.     According to the 2007 AIPLA Survey, the range of costs for litigation through discovery, for similar patent infringement, trademark infringement, and trade secret misappropriation cases, inclusive of all costs, is $700,000 to $1,205,000. (See Exhibit "H").   In this case, Frank's incurred fees totaling $821,725.50 (including attorneys' fees of $803,879.25 and paralegal fees of $17,846.25) and expenses of $43,689.17, for total costs in the amount of $865,414.67, in defending against Bode's baseless claims for patent infringement, trademark violations/false misrepresentation, conversion of trade secrets and other intellectual property and unfair competition.   Frank's costs are well below the median costs for similar infringement cases, according to the 2007 AIPLA Survey. (see Exhibit "H").   Although the parties did not actually attend a Markman Hearing, Franks' attorneys were required to prepare and submit a Markman brief as well as to prepare and file several motions and responses for summary judgment.   Frank's attorneys' fees, costs, and hours expended on the litigation thus far are as follows:

| Attorneys | Hours Worked | Hourly Rates | Total Fees | |
|---|---|---|---|---|
| Al-Azem, Samer U. | 34.25 | $310.00 | $ 10,617.50 | |
| Bemko, Taras P. | 127.95 | $200.00 | $ 25,590.00 | |
| Bowick, Jr. Robert M. | 215.15 | $350.00 | $ 75,302.50 | |
| Celaya, Jason E. | 6.0 | $150.00 | $     900.00 | |
| Christensen, Ryan S. | 68.50 | $175.00 | $ 11,987.50 | |
| Coulombe, Bruce R. | 170.65 | $300.00 | $ 51,195.00 | |
| Hillendahl, Brian L. | 15.50 | $175.00 | $   2,712.50 | |
| Johnson, Jr., William E. | 3.50 | $250.00 | $     875.00 | |
| Johnson, Timothy W. | 7.75 | $250.00 | $   1,937.50 | |
| Joseph, Lee. N. | 408.00 | $275.00 | $112,200.00 | |
| Juren, Matthew | 5.0 | $175.00 | $     875.00 | |
| Lawson, Vernon C. | 49.78 | $350.00 | $ 17,423.00 | |
| Lin, Frank Z. | 0.5 | $150.00 | $       75.00 | |
| Lynd, John W. | 1.5 | $325.00 | $     487.50 | |
| Matthews, Guy E. | 648.25 | $475.00 | $307,918.75 | |
| McCully Michael D. | 18.0 | $300.00 | $   5,400.00 | |
| McCutcheon, Terry L. | 901.00 | $175.00 | $157,675.00 | |
| Payne, Alton W. | 21.83 | $250.00 | $   5,457.50 | |
| Ring, Sarah J. | 2.5 | $150.00 | $     375.00 | |
| Tindel, Andy W. | 59.50 | $250.00 | $ 14,875.00 | |
| Total Attorneys' Fees: | | | $803,879.25 | |

**c)     Third Step of Lodestar Analysis – The Lodestar Amount**

28.     The third step of the lodestar analysis is to multiply the hours reasonably expended by the reasonable hourly rate.  Frank's hourly rate was less than the median costs for litigation of $952,500, according to the 2007 AIPLA Survey; thus Frank's believes a lodestar multiplication factor of 10% is appropriate for increasing Frank's total costs to $947,588, for defending against Plaintiffs' baseless claims in this case.

**d)     Fourth Step of Lodestar Analysis – Upward or Downward Adjustment Based Upon the Twelve Johnson Factors.**

29.     The Court may increase or decrease the lodestar amount based upon the factors set out in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974); *Day*, 595 F. Supp. At 1123-24 (S.D. Tex. 1984).   The are twelve *Johnson* factors, but the United States Supreme Court has barred the use of the sixth *Johnson* factor. *Walker v. U.S. Dept. of Housing and Urban Dev.,* 99 F.3d 761, 772 (5th Cir. 1966).   Any of the Johnson factors that are subsumed in the calculation of the lodestar amount should not be reconsidered in determining lodestar adjustments. *Green v. Adm.'s of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002).   The *Johnson* factors are:

1.     Time and labor required (receives special weight);
2.     Novelty and difficulty of the question;
3.     Skill requisite to perform the legal task properly;
4.     Preclusion of other work by the attorney due to acceptance of the case;
5.     Customary fee (receives special weight);
6.     Whether the fee is fixed or contingent;
7.     Time limitations imposed by the client or the circumstances;
8.     The amount involved and the results obtained;
9.     The experience, reputation, and ability of the attorney;
10.    The "undesirability" of the case;
11.    Nature and length of professional relationship with the client (receives special weight); and
12.    Awards in similar cases (receives special weight).

The first, fifth, and eighth factors have been discussed previously, particularly in the lodestar analysis.   Because this case included allegations of patent infringement, trademark infringement and trade secret conversion, the defense against these claims required specialization in the practice of patent and trademark prosecution and litigation, particularly for handling issues pertaining to non-infringement and invalidity.   The difficulty of defending in this case, and the skill, experience, reputation, and ability of the attorneys required to defend in this case is further discussed in the Declaration of Guy E. Matthews, attached hereto as Exhibit "J" and the Declaration of Andy Tindel, attached

29

hereto as Exhibit "K."

## CONCLUSION

30.    It is clear that Bode owned no rights in or to the asserted intellectual property until its settlement with Hot-Hed on May 26, 2006. In addition, this Court has already determined that Bode did not present any evidence that Frank's manufactured or sold Bode's intellectual property after May 26, 2006, nor did Bode obtain the right to sue for past acts of infringement. Both, the lack of title to the intellectual property by Bode until May 26, 2006 and the lack of evidence of manufacture and sales by Frank's thereafter, were apparent, or could have been discovered with reasonable inquiry by Bode's counsel before the complaint was filed, and have remained apparent.

31.    In addition, Bode and its counsel failed to consider the statute of limitations, res judicata, Rooker-Feldman doctrine, and stare decisis prior to filing the complaint. Bode and its counsel have greatly increased their culpability, and exposure to the awarding of sanctions by this Court by failing to withdraw the claims after notice of basic legal problems with its complaint contained in Frank's motions filed early in the litigation. Bode and its counsel demonstrated their bad faith in their final act of misrepresenting to the Court that Frank's had agreed to a dismissal of Bode's remaining claims, without prejudice, just to keep open their ability to file baseless claims against Frank's in the future. Based upon the foregoing, Bode and its counsel could not have reasonably concluded that the claims asserted against Frank's were valid.

32.    Bode and its counsel are without excuse for bringing this frivolous and baseless action and should be sanctioned for its conduct. Furthermore, unnecessary litigation costs

and fees have been incurred by Frank's because of Bode, and Bode's counsel's, insistence upon asserting these frivolous claims.

WHEREFORE, PREMISES CONSIDERED, Frank's respectfully requests that for all of the foregoing reasons, the Court find this case exceptional, hold that, pursuant to 35 U.S.C § 285, 28 U.S.C § 1927, and its inherent powers, Frank's is entitled to reasonable attorney fees and disbursements in connection with its defense of this lawsuit, and include in its final Judgment the attorney fee award, costs, expenses, and sanctions.

Respectfully submitted,

*/s/ Lee N. Joseph*
Guy E. Matthews (Lead Attorney)
State Bar No. 13207000
gmatthews@matthewsfirm.com

C. Vernon Lawson
Texas Bar No.  12058150
vlawson@matthewsfirm.com

Lee N. Joseph
Texas Bar No. 11030300
ljoseph@matthewsfirm.com

Robert M. Bowick
Texas Bar No. 24029932
rbowick@matthewsfirm.com

Matthews, Lawson & Bowick, P.L.L.C.
2000 Bering Dr., Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689

Andy Tindel
Texas Bar  No. 20054500
Provost Umphrey Law Firm, L.L.P.
112 Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900

Facsimile: (903) 596-0909
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served of all counsel who are deemed to have consented to electronic service on this the 19th day of November, 2008.  Local Rule CV-5(a)(3).

/s/ Lee N. Joseph
Lee N. Joseph