# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| S.O.T.A.T., INC., ALAN GRANT BODE, and MARY LYNN BODE, § § § | |
| Plaintiffs, § | CIVIL ACTION NO. 2:06 CV 523 |
| § | |
| v. § | |
| § | |
| FRANK'S INTERNATIONAL, INC. and FRANK'S CASING CREW AND RENTAL TOOLS, INC., § § § § | |
| § | |
| Defendants. § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Attorneys' Fees and Sanctions (Dkt. No. 84). The court has carefully considered the law and submissions of the parties. By its Motion, the defendants seek an award of attorneys' fees pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927. The court DENIES the Motion for the reasons expressed below.

## I.   INTRODUCTION AND FACTS

In this patent case, Plaintiffs Alan Grant Bode as Executor of the Estate of Robert E. Bode, and S.O.T.A.T. Inc. asserted that Defendants Frank's International, Inc. and Frank's Casing Crew ("Frank's") infringed U.S. Patent No. 5,295,536 ("the '536 patent"). The plaintiffs also asserted theft of trade secrets and trademark infringement.

Robert Bode invented the apparatus in this case–the Mud Miser. While the patent was pending, Bode sought ways to market and distribute the product. On April 14, 1993, Bode's company, Plug Monitor International, Inc. ("PMI") entered into a Joint Venture Agreement with Hot-Hed Mexico ("the Hot-Hed Agreement"). In the Hot-Hed Agreement, PMI agreed "to obtain

ownership of the patent" from Bode when it issues, and to maintain the patent "within the joint venture and separated from Mr. Bode's estate heirs and successors."

On July 21, 1993, before the patent issued, PMI executed an assignment whereby it assigned "all rights titles, interests and privileges in and to The Mud Miser Joint Venture Agreement between Plug Monitor International Inc. And Hot-Hed Inc." The assignment also transferred all "rights titles, interests and privileges . . . to patents pending."

After a dispute over performance issues under the agreement, Bode notified Hot-Hed that effective April 1, 1994, he was dissolving the Joint Venture Agreement. Bode and Hot-Hed went their separate ways and had no further contact until 2001. On August 5, 1994, Bode entered into a Joint Venture Agreement with Frank's ("the Frank's Agreement"), under which Bode assigned Frank's one-half of the intellectual property related to the Mud-Miser products. In exchange, Frank's assigned Bode a royalty interest of twenty-five percent of the gross rental and sales revenues.

Frank's stopped paying royalties to Bode after learning of the original Hot-Hed Agreement. In January 2002, the plaintiffs sued Frank's in State Court for breach of the Frank's Agreement. After a bench trial, the State Court found that the Frank's Agreement was not enforceable because the "intellectual property and other rights purported to be sold, transferred or assigned to Frank's International, Inc., in the . . . Agreement had previously been sold, transferred or assigned to other entities." *Bode v. Frank's International, Inc.*, No. 2002-02215 (165th Dist. Ct. Harris County, Tex. June 7, 2004). The District Court's findings were affirmed on appeal, and the Texas Supreme Court denied writ. *Bode v. Frank's International, Inc.*, 2006 WL 727811 (Tex.App.-Hous. 1 Dist.) (March 23, 2006), writ denied.

After the State Court litigation, the plaintiffs sued Hot-Hed seeking a declaratory judgment

that Hot-Hed had no interest in the patent. That litigation resulted in a settlement agreement in 2006 wherein Hot-Hed assigned all their rights, to the extent any existed, to the plaintiffs. That settlement did not explicitly include a right to sue for past damages. The plaintiffs then brought this suit in light of the State Court's finding that the Frank's agreement was unenforceable.

On August 28, 2008, this court granted Defendants' Motion for Partial Summary Judgment. Motion for Partial Summary Judgment, Dkt. No. 74. The court reasoned that the state court judgment precluded this court from finding the plaintiffs had the requisite rights to sue for damages during the asserted time period, and the reassignment did not expressly include a right to sue for past damages. *Id.* Additionally, the plaintiffs did not come forward with evidence of patent infringement for the time period after the Hot-Hed reassignment. *Id.*

## II. DISCUSSION

### A. 35 U.S.C. § 285

In exceptional cases, the court may award reasonable attorneys' fees to the prevailing party. *See* 35 U.S.C. § 285. An award of attorneys' fees under Section 285 requires a two step analysis: (1) the party moving the court to award fees must prove by clear and convincing evidence that the case is exceptional; and (2) the court must determine whether such an award is warranted. *Interspiro USA, Inc. V. Friggie Int'l Inc.* 18 F.3d 927, 933 (Fed. Cir. 1994). Whether the award is warranted is within the trial court's discretion. *Id.* "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violated Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.,* 459 F.3d 1311, 1321-22 (Fed.Cir.2006) (citations

omitted). However, "enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,* 393 F.3d 1378, 1384 (Fed.Cir. 2005).

The defendants do not allege there was any fraud or misrepresentation during litigation. Rather, the defendants argue the plaintiffs were unreasonable in filing this action, because they were impermissibly trying to overturn the state court judgment.[1] The defendants argue that if the plaintiffs would have done an appropriate pre-filing inquiry, they would have realized that their patent infringement claims would be unsuccessful in light of the Rooker-Feldman Doctrine, stare decisis, and res judicata. All of these doctrines prevent this court from ruling in such a way that, in effect, overturns or renders ineffective this or another court's prior ruling. The plaintiffs respond that they were not under the belief that the state court ruling divested them of *legal title* to the patent, but that the ruling was limited to the contract dispute. Indeed, this court's ruling was not that the plaintiffs could not sue for patent infringement. This court simply held that the plaintiffs did not have the right to sue during the period for which it had evidence of infringement. Indeed, the plaintiffs have represented to this court that since the case has been dismissed, their investigation uncovered that the defendants did in fact offer the accused products for sale during the time the plaintiffs had a right

---

[1]Additionally, the defendants argue the statute of limitations barred any trademark or state law claims. The plaintiffs contest the defendants' position that the statute of limitations was triggered when the defendants breached the contract. The plaintiffs argue that no statute of limitations period was triggered until the state court ruled on the enforceability of the contract. The trademark and state law claims were dismissed by agreement of the parties. The court declined to grant the Defendants' Motion to Dismiss where the defendants argued the same position (Dkt. No.16), and the court declines to now make an advisory ruling on that issue in the defendants' application for fees.

to sue for damages.[2] The defendants have failed to meet their burden to prove by clear and convincing evidence that this is an exceptional case warranting an award of fees under 35 U.S.C. section 285.

**B. 28 U.S.C. § 1927**

The defendants also seek fees pursuant to 28 U.S.C. Section 1927. Section 1927 provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To have such an award under section 1927, the defendants much establish by clear and convincing evidence that "every facet of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery pretrial motions, and trial." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). "[S]anctions under 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'" *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed." *Id.*

For the same reasons the defendants failed to meet their burden for fees under section 285, the court finds that the defendants have failed to meet their burden of proving by clear and convincing evidence "every facet of the litigation was patently meritless, and counsel . . .lacked a reason to file the suit and . . . wrongfully . . . persisted in its prosecution through discovery pretrial

---

[2]In their response to the defendants' Motion for Partial Summary Judgment, the plaintiffs only made assertions that they believed the accused products were on sale after 2006. They, however, came forward with no evidence of any such sales.

motions, and trial." *Procter & Gamble Co.,* 280 F.3d at 526. The court, therefore, declines to award the defendant any fees.

## IV. CONCLUSION

The court finds that the defendants have failed to meet their burden by clear and convincing evidence that fees are warranted under either 35 U.S.C. Section 285, or 28 U.S.C. Section 1927. The court, therefore, **DENIES** the defendants' motion for fees under 35 U.S.C. Section 285, and 28 U.S.C. Section 1927.

SIGNED this 16th day of December, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE